IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

CHARLES L. RIGSBY,

Plaintiff,

v.

JOHN DOES 1–10,

Defendants.

9:26-cv-01646-DCN

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

## PRELIMINARY STATEMENT

1. This is a civil action arising from a sophisticated wire fraud scheme in which Defendants, acting in concert, impersonated Bank of America security personnel and induced Plaintiff Charles L. Rigsby to wire $25,000.00 to a fraudulent account. Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and asserts related state law claims. This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331.

## PARTIES

2. Plaintiff Charles L. Rigsby is a citizen and resident of the Town of Bluffton, Beaufort County, South Carolina.

3. Defendants John Does 1–10 are persons and/or entities whose true names, identities, and addresses are presently unknown to Plaintiff. Plaintiff is informed and believes, and alleges, that each Defendant participated in the fraudulent scheme described herein. Plaintiff will seek leave to amend this Complaint to identify the true names and capacities of the Doe Defendants as they become known through discovery and investigation, including through third-party subpoenas issued to financial institutions.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c), which provides a private right of action for persons injured by reason of a violation of 18 U.S.C. § 1962.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District,

including the initial fraudulent communications directed to Plaintiff at his residence in Bluffton, South Carolina.

## FACTUAL ALLEGATIONS

7. On or about February 10, 2026, Plaintiff received telephone communications from one or more of the Defendants, who falsely represented themselves to be security personnel employed by Bank of America.

8. Defendants, through these fraudulent communications, persuaded Plaintiff that his bank accounts had been compromised and that he was required to take immediate action to protect his funds by wiring money to a designated "secure" account.

9. Relying on Defendants' false representations, Plaintiff traveled to a Bank of America branch located on Indigo Run, Hilton Head Island, South Carolina, and executed a wire transfer in the amount of $25,000.00.

10. The wire transfer was directed to an account held at Wells Fargo Bank, N.A., located in San Francisco, California. Plaintiff is informed and believes that said account was opened and/or controlled by one or more of the Defendants for the purpose of receiving and laundering the proceeds of this and other fraudulent schemes.

11. On or about February 11, 2026, one or more Defendants contacted Plaintiff again and demanded an additional payment of $21,000.00. When Plaintiff refused, Defendants became irate and threatened to take the money by other means.

12. Plaintiff reported the fraud to the Bluffton Police Department on February 11, 2026. The incident was assigned Case No. 26BP06505 and referred to the Beaufort County Sheriff's Office for further investigation.

13. As of the date of this Complaint, none of the $25,000.00 has been recovered.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants are part of an organized criminal enterprise that has conducted and continues to conduct similar fraudulent wire transfer schemes against other victims, using financial accounts at one or more financial institutions to receive and launder stolen funds.

## FIRST CAUSE OF ACTION

**Violation of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962(c) Against All Defendants**

15. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

16. At all relevant times, Defendants constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4), namely an association-in-fact of individuals and/or entities associated for the common purpose of defrauding victims through impersonation of bank security personnel and fraudulent wire transfer schemes.

17. The enterprise operated in interstate commerce and affected interstate commerce.

18. Defendants conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1) and § 1961(5), including but not limited to:

19. The predicate acts of racketeering activity described herein constitute a "pattern" within the meaning of 18 U.S.C. § 1961(5), in that they are related to each other and to the enterprise, and amount to or pose a threat of continued criminal activity.

20. Plaintiff is informed and believes, and thereon alleges, that Defendants have conducted similar schemes against multiple victims, including through the use of financial accounts at Wells Fargo Bank, N.A. and/or other financial institutions.

21. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c), Plaintiff has been injured in his business or property in the amount of $25,000.00.

22. Pursuant to 18 U.S.C. § 1964(c), Plaintiff is entitled to recover threefold the damages he has sustained, plus the costs of this suit, including reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### Violation of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. § 1962(d)
### Against All Defendants

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Defendants knowingly and intentionally conspired with each other and with other persons and entities known and unknown to violate 18 U.S.C. § 1962(c) as described herein.

25. Each Defendant agreed to the commission of at least two predicate acts in furtherance of the pattern of racketeering activity described herein.

26. As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered injury to his business or property in the amount of $25,000.00, and is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

## THIRD CAUSE OF ACTION

### Common Law Fraud

### Against All Defendants

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendants intentionally made false representations of material fact to Plaintiff, including that they were Bank of America security personnel and that Plaintiff's accounts were compromised and required immediate protective action.

29. Defendants knew their representations were false at the time they were made.

30. Defendants made these representations with the intent to induce Plaintiff to wire funds to an account under Defendants' control.

31. Plaintiff justifiably relied on Defendants' representations and, as a direct result, suffered actual damages in the amount of $25,000.00.

32. Defendants' conduct was willful, wanton, and malicious, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION

### Civil Conspiracy

### Against All Defendants

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Defendants combined and agreed among themselves for the purpose of defrauding Plaintiff and injuring him in his property.

35. Defendants committed overt acts in furtherance of the conspiracy, including making fraudulent telephone communications to Plaintiff, directing and receiving the wire transfer, and demanding additional funds.

36. As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered actual damages in the amount of $25,000.00, and is entitled to punitive damages based on Defendants' willful and malicious conduct.

## FIFTH CAUSE OF ACTION

### Violation of the S.C. Unfair Trade Practices Act S.C. Code Ann. § 39-5-10 et seq.

### Against All Defendants

37. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Defendants engaged in unfair and deceptive acts and practices in the conduct of trade or commerce by impersonating bank security personnel and inducing Plaintiff to wire funds to a fraudulent account.

39. Defendants' conduct affected the public interest in that it is part of a pattern of similar fraudulent schemes directed at consumers, posing a threat of repetition.

40. As a direct and proximate result of Defendants' unfair and deceptive acts, Plaintiff suffered monetary loss in the amount of $25,000.00, and is entitled to actual damages, treble damages, attorney's fees, and costs pursuant to S.C. Code Ann. § 39-5-140.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles L. Rigsby respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants on all Causes of Action;

b. Award Plaintiff compensatory damages in the amount of $25,000.00;

c. Award Plaintiff treble damages pursuant to 18 U.S.C. § 1964(c) and/or S.C. Code Ann. § 39-5-140;

d. Award Plaintiff punitive damages in an amount to be determined by the jury;

e. Award Plaintiff his reasonable attorney's fees and costs of suit;

f. Issue such other and further relief as this Court deems just and proper.

Respectfully Submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

April 14, 2026